142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy CUEVA, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-56703.
D.C. No. CV-93-03452-KMW.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Central District of California Kim McLane Wardlaw, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nancy Cueva appeals pro se the district court's grant of Allstate Insurance Company's ("Allstate") Fed.R.Civ.P. 52(c) motion for judgment as a matter of law in Cueva's diversity action alleging that Allstate acted in bad faith by denying her insurance claim for losses she sustained as a result of an alleged burglary at her residence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Cueva contends that the district court abused its discretion by depriving her of the right to testify, by excluding the testimony of some of her witnesses, and by admitting testimony of Cueva's prior attempt at insurance fraud. Cueva further contends that the district court erred by granting Allstate's Fed.R.Civ.P. 52(c) motion. These contentions lack merit.
 
 
 4
 We review evidentiary rulings for abuse of discretion. See EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997). We review the district court's ruling on a Fed.R.Civ.P. 52(c) motion for clear error. See Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994).
 
 
 5
 First, the district court did not abuse its discretion by excluding Cueva's live testimony because Cueva explicitly agreed to submit her testimony in the form of a declaration. See R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc., 945 F.2d 269, 272-73 (9th Cir.1991). Second, the district court did not abuse its discretion by excluding the testimony of witnesses who were not listed on the pretrial witness list. See Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir.1992). Third, the district court did not abuse its discretion by admitting testimony as to Cueva's prior attempt at insurance fraud. See Fed.R.Evid. 404(b). Finally, the district court did not err by granting Allstate's Fed.R.Civ.P. 52(c) motion because there was no evidence that a theft as defined under the policy actually occurred. See Price v. United States Navy, 39 F.3d at 1021.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's motion to file an appendix of appellant's reply brief is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have considered Cueva's additional contentions and conclude that they lack merit